■ RATANEE JEWELRY, INC., Appellant, v ART JEWELRY CENTER, INC., et al., Respondents. (And a Third-Party Action.) [677 NYS2d 142] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered June 27, 1997, which granted the motion of defendants Art Jewelry Center, Inc. and Altin Realty Corp. for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, defendants' motion denied, the complaint reinstated and the matter remanded for further proceedings.

In this action arising from the burglary of plaintiff's booth located in the 56 booth Jewelry Exchange on the first floor of 23 West 47th Street in Manhattan sometime during the night of January 6-7, 1995, plaintiff seeks to recover $228,115 in damages for defendants' alleged negligence and breach of lease in failing to provide adequate security. Entry to plaintiff's booth was obtained by breaking through the wall separating the Jewelry Exchange from the building's first-floor lobby.

According to defendant's principal, a search after the burglary of plaintiff's booth revealed no sign of forced entry into the building. There apparently was an unlocked and unalarmed window on the roof of the building, which was next to a stairwell (also unalarmed) leading down to the first floor. It is plaintiff's theory that the persons who burglarized its booth entered the building through the roof window and descended the stairwell to the lobby, where they broke through the wall separating the Exchange from the lobby.

Defendants sought summary judgment on the ground that plaintiff failed to show that the burglary was committed by an outsider to the building rather as an inside job by a co-tenant. In granting defendants' motion, the IAS Court found that, in view of the lack of evidence as to the manner in which the burglary occurred, the jury would be left to speculate as to the cause.

However, it is the burden of the movant for summary judgment to " 'make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact' " and the " '[f]ailure to make such prima facie showing requires denial of the motion, regardless of the sufficiency of the opposing papers' " (*Ayotte v Gervasio*, 81 NY2d 1062, 1063). In view of defendant's failure to come forward with any evidence on the issue of its alleged negligence, the burden to offer evidence on that issue never shifted to plaintiff, and the motion should have been denied.

Defendants contend that, because the burglary might have occurred on January 6, 1995, between 6:00 P.M. (when plaintiff's principal left the Exchange) and 8:00 P.M. (when all tenants were required to be out of the Exchange and the alarm system was supposed to be activated), it would be pure conjecture to surmise that any alleged break-in to plaintiff's premises occurred as a result of actions of an outside intruder. However, that argument overlooks the undisputed fact that a hole was punched in the wall separating the Exchange from the building's lobby. This certainly supports an inference that there was an intrusion into the Exchange at some point between 8:00 P.M. on January 6th and 8:00 A.M on January 7th, when the Exchange was closed to all persons, including Exchange tenants and tenants of other portions of the building, and the alarm system was supposed to be activated. Therefore, if defendants are shown to have been negligent in either selecting, installing, maintaining, or failing to activate the alarm system, or in failing to take additional security measures, the trier of fact would have a basis to conclude that such negligence was a proximate cause of plaintiff's loss.

With regard to the issue of defendants' duty to maintain building security, in view of the undisputed facts that all tenants of the building were in the jewelry business and that the building was located in the diamond district, criminal intrusions were plainly foreseeable, thus requiring adequate security measures (*see, Rudel v National Jewelry Exch. Co.*, 213 AD2d 301). Concur—Milonas, J. P., Ellerin, Nardelli, Rubin and Andrias, JJ.